## THE M. L. SYLVIA.

## VAN NEWKIRK v. McLAIN.

### No. 854.

District Court, D. Massachusetts.

June 20, 1940.

Charles Van Newkirk, pro se (seaman, for the time being of Boston, Mass.), in support of petition.

Arthur J. Santry and Frederick Fish, both of Boston, Mass., in opposition thereto.

FRANKFURTER, Circuit Justice (orally).

This is a petition under § 18 of the Judicial Code, 28 U.S.C.A. § 22, asking me as the Circuit Justice for the First Circuit to designate a circuit judge in the proceedings, begun by a libel filed by Charles Van Newkirk against Clinton E. McLain and the M. L. Sylvia. The suit before District Judge Sweeney is, to use non-technical language, still in an unfinished stage. The application before me is based on the claim that Judge Sweeney is biased against the libellant, who therefore asks that a circuit judge be designated to sit in the continuance of the suit.

It is precisely because the libellant is, as he correctly says, a ward of the court, being a seaman, that I deemed it important that the matter be fully explored by oral argument instead of being disposed of merely on the moving papers. I have tried to inform myself before the argument on the relevant statutory requirements and such adjudicated cases as the books disclose. Few interests of justice seem more important than the generous safeguarding of those rights of the seaman which form a part of the inherited maritime law and which Congress through various enactments has expanded and enlarged. On the other hand, few things are more important to seamen, no less than to other people, than that there be a certain orderly course of law and justice so that the confidence in the judiciary be not undermined, except for substantial reason. I am happy to put on the record that the libellant conceded without qualifications that he has no grievance against any of the circuit judges of the First Circuit, which means of course that there is no reason why he cannot secure full justice at their hands. I am fully aware that taking an appeal from a decision of the district court may cause inconvenience and cost. But nothing has impressed itself on me more clearly in my service as a Justice than the alertness with which the Supreme Court, and therefore the whole federal judicial system, under its authority, protects those who lack financial means to prosecute litigation. During the year and a half that I have sat

on the Supreme Court there have been many cases *in forma pauperis* in which review was allowed for those unable to pay the cost of litigation. And I have no reason to believe, and indeed believe the contrary to be the fact, that in this circuit any less generosity or sensitive justice would be shown for a litigant who was financially unable to carry on an appeal.

Only the most extraordinary circumstances would justify me as a Circuit Justice in reaching down into the district court, taking matters not only out of the hands of the district court but out of the appellate authority of the circuit court of appeals and the circuit judges in this circuit. Such action would not be conducive to those interests of justice which are particularly important for seamen, because confidence in a judicial system is most important for those who are most dependent on the system. On the showing made I see no justification whatever, either in the public interest or in the protection of the libellant's private interest, which in itself constitutes part of the public interest, for withdrawing such means of relief as exists in the authority and the jurisdiction of the Circuit Court of Appeals for the First Circuit or the circuit judges of the circuit if, as libellant insists, proceedings before the district judge in question justify reversal of the action taken by him. If so justified, costs as a matter of course would be part of the relief which on review the appellate court may grant. Therefore, having given the matter much thought before the argument and having listened with close attention to everything that the libellant said on his own behalf, I am compelled to deny the petition.